IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01625-BNB

MICHAEL BRODSKY,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a Municipal Corporation,
WILLIAM A. LOVINGIER, Ex Officio Sheriff, Denver County,
D/S DIGGINS, Deputy Sheriff, Denver County,
V. CONNORS, Deputy Sheriff, Denver County,
G. McCAIN, Deputy Sheriff, Denver County,
D/S AUSTIN, Deputy Sheriff, Denver County,
D/S BURKE, Deputy Sheriff, Denver County,
D/S PETRONELLI, Deputy Sheriff, Denver County,
D/S JOHN DOE I, Deputy Sheriff, Denver County,
D/S JOHN DOE II, Deputy Sheriff, Denver County,
DENVER HEALTH AND HOSPITAL SYSTEMS, a Private Corporation,
CARMEN, K., an Individual Employee of Denver Health,
F. BAUER, an Individual Employee of Denver Health,
JOHN DOE III, an Individual Employee of Denver Health,
DON DOE, an Individual Employee of Denver Health,
JACK DOE, an Individual Employee of Denver Health,
SUSAN ROE, an Individual Employee of Denver Health,
PAM ROE, an Individual Employee of Denver Health,
KEINA ROE, an Individual Employee of Denver Health,
RENEE ROE, an Individual Employee of Denver Health,
JANET ROE, an Individual Employee of Denver Health,
(Individually and in their Official Capacities),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 5 2010

GREGORY C. LANGHAM
                  CLERK

## ORDER

The matter before the Court is Plaintiff, Michael Brodsky's, "Response to the Court's Order Directing Plaintiff to Cure Deficiency" (Doc. No. 5), filed August 2, 2010, which the Court construes liberally as a Motion for Extension of Time. *See Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972) (pro se filings should be construed liberally by the court); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Brodsky, a Colorado state prisoner, initiated this action on July 1, 2010, by filing a *pro se* "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915." In an order filed on July 9, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Brodsky to cure certain enumerated deficiencies within thirty days. Specifically, Mr. Brodsky was directed to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the Court-approved form and a certified copy of his prisoner's trust fund statement for the 6-month period immediately preceding the filing. Mr. Brodsky was also directed to file a Complaint on the Court-approved form.

Mr. Brodsky has complied with the July 9 Order, in part, by filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the Court-approved form, along with a certified copy of his prisoner trust fund statement. On August 2, 2010, Plaintiff filed a "Response to the Court's Order Directing Plaintiff to Cure Deficiency" in which he states that he has drafted a forty-one (41) page Complaint in compliance with the July 9 Order. Plaintiff further states that staff at the Fort Lyon Correctional Facility, where he is incarcerated, have refused to make copies of his Complaint for filing because it exceeds the prison's twenty-page limit policy for § 1983 complaints. Mr. Brodsky therefore requests that the Court accept his original Complaint, filed on July 9, 2010, and grant him leave to submit an amendment thereto, or order the prison to make copies of his forty-one page Complaint and grant him an

extension of time to file it.

The Court is concerned about Mr. Brodsky's proposal to file a forty-one page Complaint. Mr. Brodsky is advised that he must allege specific facts regarding each Defendant's personal participation in the alleged Constitutional violations. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[A] complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). However, he must present his claims clearly and concisely in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. In order to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

Mr. Brodsky is further advised that he may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his Constitutional rights. However, if Mr. Brodsky uses fictitious names he must provide sufficient information about the defendants so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff's Motion for Extension of Time (Doc. No. 5) is **granted, in part**, as follows: Plaintiff shall file, **within thirty (30) days from the date of this**

**Order,** a Complaint on the Court-approved form that complies with the directives of this Order. The Motion for Extension of time is otherwise **denied.** It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Brodsky, together with a copy of this Order, two copies of the following form to be used in submitting the Complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Brodsky fails to file a Complaint on the Court-approved form within the time allowed, this action will be dismissed without further notice.

DATED August 5, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01625-BNB

Michael Brodsky
Prisoner No. 53425
Fort Lyon Correctional Facility
PO Box 1000
Fort Lyon, CO 81038

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 8/5/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk