IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 23 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-01625-BNB

MICHAEL BRODSKY,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a Municipal Corporation,
WILLIAM A. LOVINGIER, Ex Officio Sheriff, Denver County,
D/S DIGGINS, Deputy Sheriff, Denver County,
V. CONNORS, Deputy Sheriff, Denver County,
G. McCAIN, Deputy Sheriff, Denver County,
D/S AUSTIN, Deputy Sheriff, Denver County,
D/S BURKE, Deputy Sheriff, Denver County,
D/S PETRONELLI, Deputy Sheriff, Denver County,
D/S JOHN DOE I, Deputy Sheriff, Denver County,
D/S JOHN DOE II, Deputy Sheriff, Denver County,
DENVER HEALTH AND HOSPITAL SYSTEMS, a Private Corporation,
CARMEN, K., an Individual Employee of Denver Health,
F. BAUER, an Individual Employee of Denver Health,
JOHN DOE III, an Individual Employee of Denver Health,
DON DOE, an Individual Employee of Denver Health,
JACK DOE, an Individual Employee of Denver Health,
SUSAN ROE, an Individual Employee of Denver Health,
PAM ROE, an Individual Employee of Denver Health,
KEINA ROE, an Individual Employee of Denver Health,
RENEE ROE, an Individual Employee of Denver Health,
JANET ROE, an Individual Employee of Denver Health,
(Individually and in their Official Capacities),

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Michael Brodsky, is a prisoner in the custody of the Colorado

Department of Corrections and is currently incarcerated at the Fort Lyon Correctional Facility. He filed *pro se* a complaint on July 9, 2010. Magistrate Judge Boyd N. Boland ordered Plaintiff to submit his complaint on the court-approved form. In an August 5, 2010 Order, Plaintiff was granted a thirty-day extension of time to file his amended complaint and was advised that he must allege specific facts regarding each Defendant's personal participation in the alleged constitutional violations. Mr. Brodsky has been granted leave to proceed *in forma pauperis*.

Mr. Brodsky filed his forty-one page amended complaint on August 24, 2010. The Court must construe the amended prisoner complaint liberally because Mr. Brodsky is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2 at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* Although Mr. Brodsky's pleading is overly verbose, it generally complies with Fed. R. Civ. P. 8.

Plaintiff asserts ten claims for relief in the amended complaint, arising out of his detention at the Denver Jail. First, he alleges that Defendant Lovingier, Director of Corrections at the Denver Sheriff Department, has implemented an unconstitutional policy or custom of placing inmates into overcrowded, unsanitary and poorly ventilated

general population cells with inmates who are infected with tuberculosis (TB), in violation of the Eighth Amendment. Plaintiff alleges that he is now infected with TB as a result of his placement in general population pursuant to the policy. Second, Mr. Brodsky claims that he lost eleven pounds as a result of Defendant Lovingier's policy not to provide inmates with nutritionally adequate meals, in violation of the Eighth Amendment. Third, Mr. Brodsky asserts that he was subjected to inadequate and unsanitary living conditions, including poor air circulation and ventilation, excessive noise, unsanitary toilets and showers, and lack of water, pursuant to Defendant Lovingier's policies. He further claims that he was not allowed to attend Catholic religious services while he was confined in Building 8, but that Muslim inmates were allowed to attend religious services, in violation of his Fourteenth Amendment equal protection rights.

For his fourth claim, Mr. Brodsky asserts that Defendant McCain retaliated against him after he filed grievances complaining about his conditions of confinement. He further claims that Defendant Connors ordered Defendant Petronelli to conduct an arbitrary search of his cell as a retaliatory measure. Fifth, Plaintiff claims that Defendant John Doe I intentionally kicked a soccer ball at him as he walked down the hall toward his cell, in violation of his right to be free from cruel and unusual punishment. For his sixth claim, Plaintiff asserts that Defendants Don Doe, Susan Roe, Jack Doe, D/S Austin, Renee Roe, Janet Roe, Pam Roe, F. Bauer, Keina Roe, Carmen K., and John Doe III, failed to treat or delayed treatment of his serious dental need that

resulted in a long-lasting infection of his tooth requiring antibiotics and a root canal. Mr. Brodsky has also sued Defendant Denver Health and Hospital Systems (Denver Health) for the inadequate dental care he received at the Jail. In claim seven, Mr. Brodsky asserts that D/S Burke interfered with his access to medical care by suggesting to Plaintiff that he poke a sharp object into the side of his face to drain the swelling of his infected tooth, instead of obtaining medical attention for the Plaintiff. For his eighth claim, Plaintiff asserts that Defendants Lovingier and Diggins failed to respond to Plaintiff's grievances in violation of his constitutional right to petition the government for redress of grievances. In claim nine, Plaintiff challenges his arbitrary placement in an isolation cell as a violation of his Fourteenth Amendment due process rights. Finally, in claim ten, Mr. Brodsky asserts that Defendants Lovingier and Diggins failed to properly train and supervise their subordinate deputies regarding adequate conditions of confinement at the Jail. Plaintiff seeks to hold Defendant City and County of Denver liable for unconstitutional policies promulgated and/or implemented by Defendant Lovingier.

The Court notes, however, that Mr. Brodsky's allegations against Defendant John Doe II fail to establish the Defendant's personal participation in a constitutional violation. Mr. Brodsky merely alleges in Claim Five that Defendant John Doe II was present when Defendant John Doe I intentionally kicked a soccer ball at the Plaintiff. Amended Compl., at 22-23. Mr. Brodsky was previously warned by Magistrate Judge

4

Boland that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Because Mr. Brodsky fails to assert that Defendant John Doe II personally participated in violating his constitutional rights, Defendant John Doe II is an improper party to the action and will be dismissed.

The Court will not address at this time the merits of Mr. Brodsky's constitutional claims against the remaining Defendants. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that Defendant John Doe II is dismissed as a party to this action for lack of personal participation. The Clerk of the Court is instructed to remove Defendant John Doe II as a named party to the suit. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  23rd  day of  September , 2010.

BY THE COURT:

 s/Philip A. Brimmer 
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01625-BNB

Michael Brodsky
Prisoner No. 53425
Fort Lyon Correctional Facility
PO Box 1000
Fort Lyon, CO 81038

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/23/10

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk