IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01625-MSK-MEH

MICHAEL BRODSKY,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipal corporation,
WILLIAM A. LOVINGIER, Ex Officio Sheriff, Denver County,
D/S DIGGINS, Deputy Sheriff, Denver County,
V. CONNORS, Deputy Sheriff, Denver County,
G. McCAIN, Deputy Sheriff, Denver County,
D/S AUSTIN, Deputy Sheriff, Denver County,
D/S BURKE, Deputy Sheriff, Denver County,
D/S PETRONELLI, Deputy Sheriff, Denver County,
D/S JOHN DOE, Deputy Sheriff, Denver County,
DENVER HEALTH AND HOSPITAL SYSTEMS, a private corporation,
CARMEN K., an individual employee of Denver Health,
F. BAUER, an individual employee of Denver Health,
JOHN DOE III, an individual employee of Denver Health,
DON DOE, an individual employee of Denver Health,
JACK DOE, an individual employee of Denver Health,
SUSAN ROE, an individual employee of Denver Health,
PAM ROE, an individual employee of Denver Health,
KEINA ROE, an individual employee of Denver Health,
RENEE ROE, an individual employee of Denver Health,
JANET ROE, an individual employee of Denver Health,
(individually and in their official capacity),

    Defendants.

## RECOMMENDATION

**Michael E. Hegarty, United States Magistrate Judge**.

    The Court construes Plaintiff's "Combined Response in Opposition to the Court's Order to Dismiss in Part and Motion to Amend the Complaint" [filed October 15, 2010; docket #17] as a motion to alter or amend the District Court's September 23, 2010 order pursuant to Rule 59(e). (*See*

1

docket #10.) The motion is referred to this Court for recommendation. The legal standard and result is clear to the Court, thus the Court need not review a response or reply. For the following reasons, the Court **RECOMMENDS** Plaintiff's motion be **DENIED**.[1]

Plaintiff asks the Court to reconsider the dismissal of Defendant John Doe II and offers a proposed amendment to his complaint regarding clarification of the facts supporting his claim against John Doe II. (*See* docket #17.) The District Court dismissed John Doe II because Plaintiff "merely alleges in Claim Five that Defendant John Doe II was present when Defendant John Doe I intentionally kicked a soccer ball at the Plaintiff." (Docket #10 at 4.) The District Court found that Plaintiff failed to establish John Doe II's personal participation in a constitutional violation based on this allegation. (*Id.*)

In this motion, Plaintiff avers that he has corrected the allegation against John Doe II and now properly describes John Doe II's personal participation. (Docket #17 at 2-3.) After review of the proposed amendment, the Court concludes that the deficiency identified by the District Court is not cured, and Plaintiff's motion should be denied.

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). A litigant who is subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

"file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Id.* Determining the rule that applies to a motion to reconsider depends on the time such motion is served. *Id.* A motion to reconsider filed within the time allowed under Fed. R. Civ. P. 59(e) should be considered pursuant to Rule 59(e), and a motion filed after the time allowed under Rule 59(e) should be considered pursuant to Rule 60(b).[2] *See id.* Fed R. Civ. P. 59(e) requires that a motion to alter or amend be "filed no later than 28 days after the entry of the judgment." Fed. R. Civ P. 59(e) (2010). Here, Plaintiff filed this motion seeking reconsideration of the District Court's order within twenty-eight days after the order was entered. Thus, this Court will consider Plaintiff's motion pursuant to Rule 59(e).[3] *See Van Skiver*, 952 F.2d at 1243.

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir. 1997). A motion for reconsideration is inappropriate to re-argue an issue previously addressed by the court when the

---

[2] Effective December 1, 2009, Rule 59(e) is amended to provide that a motion to alter or amend a judgment may be filed within twenty-eight days after the entry of judgment. Previously, Rule 59(e) stated that a motion to alter or amend a judgment should be filed within ten days. In *Van Skiver*, the court held that if a motion was filed within ten days of a judgment it would be considered pursuant to Rule 59(e), which reflected the time that was given to file under 59(e) at the time of the decision: ten days. *See* 929 F.2d 1241. As the 2009 amendment to Rule 59(e) allows for twenty-eight days to file, this Court will consider a "motion to reconsider" pursuant to Rule 59(e) if it is filed within twenty-eight days of a judgment, consistent with the Tenth Circuit's determination in *Van Skiver*.

[3] The Court must construe the Plaintiff's Motion to Reconsider liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). In light of this obligation, the Court concludes that Rule 59(e) is the correct standard to apply, not only due to the timing of Plaintiff's motion, but also because Rule 59(e) is a more favorable analysis for the Plaintiff.

3

motion merely advances new arguments or supporting facts which were available at the time of the original application. *Paraclete*, 204 F.3d at 1012. Thus, such a motion is not a proper vehicle through which to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* However, a motion to alter or amend that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position is correctly asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver,* 952 F.2d at 1244.

Here, Plaintiff's motion refers to no "intervening change in controlling law" nor "the availability of new evidence." Thus, the Court construes Plaintiff's motion under the third ground that could justify reconsideration. For the reasons stated below, this Court finds no clear error nor manifest injustice resulting from the District Court's order.

In essence, Plaintiff argues that the District Court misunderstood his position as to his claim against John Doe II. He asserts that John Doe II's presence when John Doe I allegedly kicked a ball at Plaintiff with the intention to strike Plaintiff is enough to establish a constitutional violation. The facts described in Plaintiff's proposed amendment are as follows, in pertinent part:

> Defendant[s] D/S John Doe I and D/S John Doe II engaged in a game of "soccer" by kicking a basketball back and forth in the jail's main corridor. As the Plaintiff passed through the corridor . . . Defendant D/S John Doe I purposefully kicked the basketball which forcefully struck the Plaintiff . . . . John Doe I . . . continued to engage in the aforementioned activity with [Defendant] D/S John Doe II.

(Docket #17-1 at 1-2.)

The Court finds that these facts do not materially differ from the facts alleged in Plaintiff's Amended Complaint, as evaluated by the District Court. (*See* docket #8 at 22-23.) Thus, the District Court did not misapprehend the facts as originally presented. Nothing indicates that the Court misapplied the law or misunderstood Plaintiff's position. Therefore, this attempt by Plaintiff

4

to advance an argument now that was previously adjudicated by the District Court cannot serve as a basis to alter or amend the order dismissing John Doe II.  *See Parclete*, 204 F.3d at 1012.

Accordingly, the Court **RECOMMENDS** Plaintiff's "Combined Response in Opposition to the Court's Order to Dismiss in Part and Motion to Amend the Complaint"  be **DENIED**.

Dated at Denver, Colorado, this 19th day of October, 2010.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge