IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01625-MSK-MEH

MICHAEL BRODSKY,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipal corporation,
WILLIAM A. LOVINGIER, Ex Officio Sheriff, Denver County,
D/S DIGGINS, Deputy Sheriff, Denver County,
V. CONNORS, Deputy Sheriff, Denver County,
G. McCAIN, Deputy Sheriff, Denver County,
D/S AUSTIN, Deputy Sheriff, Denver County,
D/S BURKE, Deputy Sheriff, Denver County,
D/S PETRONELLI, Deputy Sheriff, Denver County,
D/S JOHN DOE, Deputy Sheriff, Denver County,
DENVER HEALTH AND HOSPITAL SYSTEMS, a private corporation,
CARMEN K., an individual employee of Denver Health,
F. BAUER, an individual employee of Denver Health,
JOHN DOE III, an individual employee of Denver Health,
DON DOE, an individual employee of Denver Health,
JACK DOE, an individual employee of Denver Health,
SUSAN ROE, an individual employee of Denver Health,
PAM ROE, an individual employee of Denver Health,
KEINA ROE, an individual employee of Denver Health,
RENEE ROE, an individual employee of Denver Health,
JANET ROE, an individual employee of Denver Health,
(individually and in their official capacity),

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on February 1, 2010.**

    Plaintiff's Unopposed Motion for an Order Granting Issuance and Service of a Subpoena on Kathryn Howell [filed January 5, 2011; docket #53] is **denied without prejudice**. The Court recognizes the right of any civil litigant to subpoena documents from third parties pursuant to Fed. R. Civ. P. 45. However, although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). As Plaintiff proceeds *in forma pauperis*, any subpoena served would be served by the United States Marshal. Notably, "[s]ervice by certified mail by the United

States Marshals Service provides a fair and economical means of serving process." *Windsor v. Martindale*, 175 F.R.D. 665, 670 (D. Colo. 1997). In order to ensure this expenditure of resources on behalf of Plaintiff is conducted properly, the Court denies Plaintiff's request without prejudice, and orders as follows:

> If the plaintiff submits a new request for subpoenas, it must include (1) the name and address of the witness(es) he wishes to subpoena, and (2) a *detailed* explanation of the purpose of the subpoena regarding the production of documents from the witness. . . . If the plaintiff is seeking production of documents, he must describe the documents with specificity and explain why the documents sought are relevant or reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

*Pinson v. Revell*, No. 08-cv-01023-MSK-BNB, 2008 WL 5233592, at *1 (D. Colo. Dec. 15, 2008). In accordance with this jurisdiction's determinations, Plaintiff should also be prepared to demonstrate that he has made arrangements for the payment of any costs associated with the preparation or copying of documents requested. *Hawkinson v. Montoya*, No. 04-cv-01271-EWN-BNB, 2006 WL 1215397, at *2 (D. Colo. May 4, 2006) (citing *Windsor*, 175 F.R.D. at 670 (stating "being allowed to proceed *in forma pauperis* does not excuse tendering of the required witness fee and mileage" (citations omitted)).