IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01625-MSK-MEH

MICHAEL BRODSKY,

Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipal corporation,
WILLIAM A. LOVINGIER, Ex Officio Sheriff, Denver County,
D/S DIGGINS, Deputy Sheriff, Denver County,
V. CONNORS, Deputy Sheriff, Denver County,
G. McCAIN, Deputy Sheriff, Denver County,
D/S AUSTIN, Deputy Sheriff, Denver County,
D/S BURKE, Deputy Sheriff, Denver County,
D/S PETRONELLI, Deputy Sheriff, Denver County,
D/S JOHN DOE, Deputy Sheriff, Denver County,
DENVER HEALTH AND HOSPITAL SYSTEMS, a private corporation,
CARMEN K., an individual employee of Denver Health,
F. BAUER, an individual employee of Denver Health,
JOHN DOE III, an individual employee of Denver Health,
DON DOE, an individual employee of Denver Health,
JACK DOE, an individual employee of Denver Health,
SUSAN ROE, an individual employee of Denver Health,
PAM ROE, an individual employee of Denver Health,
KEINA ROE, an individual employee of Denver Health,
RENEE ROE, an individual employee of Denver Health,
JANET ROE, an individual employee of Denver Health,
(individually and in their official capacity),

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint [filed June 17, 2011; docket #114]. The motion is referred to this Court for disposition. (Docket #115.) The matter is briefed, and oral argument would not assist the Court in its adjudication. For the reasons

stated below, the Court **RECOMMENDS** Plaintiff's motion be **DENIED**.[1]

## I. Background

Plaintiff is a prisoner incarcerated at the Colorado Correctional Center in Golden, Colorado. Plaintiff commenced this 42 U.S.C. § 1983 action on June 29, 2010. (Docket #51.) Plaintiff filed the governing amended complaint on August 24, 2010. Defendants Denver Health and Carmen K. answered on November 16, 2010 (docket #36), the Denver Defendants (City and County of Denver, D/S Diggins, V. Connors, D/S Austin, and D/S Petranilli) answered on December 6, 2010 (docket #47), and Defendant Bauer answered on December 10, 2010 (docket #49). The remaining defendants (including the Doe and Roe defendants) have not been properly identified or served.

The Court held a scheduling/status conference on December 20, 2010. (Docket #50.) The Court did not set a deadline for the amendment of pleadings or joinder of parties. By separate minute order, the Court scheduled the dispositive motions deadline for July 20, 2011. (Docket #89.) The Denver Health Defendants (Denver Health, Carmen K. and F. Bauer) filed a motion for summary judgment on April 26, 2011 (docket #102) and a second motion for summary judgment on July 19, 2011 (docket #139). The Denver Defendants filed a motion for summary judgment on July 20, 2011 (docket #141). There are no conferences or hearings presently scheduled before this Court or the District Court.

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz,* 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn,* 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

Plaintiff first indicated his intent to file a second amended complaint on November 2, 2010, in an objection to this Court's recommendation to deny a motion construed as a motion for reconsideration. (Docket #31.) Plaintiff included a proposed second amended complaint, with the stated intent of reducing the verbosity of the governing complaint. On November 29, 2010, the District Court overruled Plaintiff's objection and instructed Plaintiff to bring his request to file a second amended complaint by separate motion. (Docket #45.)

Nearly four months later on March 15, 2011, Plaintiff filed a motion for leave to file an amended complaint. (Docket #84.) Plaintiff stated the second amended complaint corrected the names of three parties (G. McCain to Gina McCall, V. Connors to Vicki Connors, and D/S Petronelli to Anthony Petranilli) and presented a modified Claim Four. Plaintiff included the text as amended, but did not attach the proposed second amended complaint. On April 5, 2011, the Court denied Plaintiff's motion for leave without prejudice and instructed Plaintiff to re-file his motion including a proposed second amended complaint. (Docket #96.)

More than two months after the Court's denial of Plaintiff's motion without prejudice, Plaintiff submitted the motion at hand, with a proposed second amended complaint. (Docket #114.) Plaintiff seeks to correct the names of Gina McCall, Elias Diggins, Vicki Connors, Lawrence Austin, Samuel Burke, Anthony Petranilli, Denver Health and Hospital Authority, Carmen D. Kassatly, and Francis Bauer, and to add the names of previously unidentified "Doe" and "Roe" defendants: Lonnie McMurtrey, Don Berg, Jack Park, Susan Crawford and Kina Mosley. (*Id*. at 1-2.) Plaintiff also amended Claims One through Ten with "new facts obtained through discovery." (*Id*. at 2.)

Defendants oppose Plaintiff's request. The Denver Health Defendants assert the motion should be denied on the grounds of undue delay, undue prejudice, and futility. (Docket #127 at 2.) The Denver Health Defendants believe they are particularly prejudiced as they have already filed their motions for summary judgment. The Denver Health Defendants suggest that Plaintiff already

had the opportunity to amend, but waited too long to do so. (*Id*. at 3.) These Defendants state Plaintiff presents no good reason for permission to amend, or for modifying the scheduling order. (*Id*. at 4.)

The Denver Defendants echo many of the Denver Health Defendants' arguments against allowing amendment. The Denver Defendants contend Plaintiff fails to provide any reasonable justification for the delay in seeking the proposed amendments. (Docket #128 at 4.) The Denver Defendants construe the clarified names of other defendants as the addition of new defendants, which they believe unduly prejudices all present defendants. (*Id*.) These Defendants aver that the facts in the proposed second amended complaint do not materially differ from those in the governing amended complaint; thus the amendment is unnecessary and futile. (*Id*. at 5.) The Denver Defendants also believe Plaintiff fails to establish good cause for any modification to the scheduling order. (*Id*. at 6.)

In reply, Plaintiff clarifies that he seeks to join six new defendants. He also wants to add William Lovingier in his official capacity for supervisory liability over the alleged acts of Gina McCall (now listed as G. McCain). (Docket #134 at 3.) Plaintiff explains that he did not know the identities of Lonnie McMurtrey, Don Berg, Jack Park, Susan Crawford, or Kina Mosley at the time he filed his amended complaint. He states he discovered their identities through discovery, but notably does not date or otherwise specify the relevant discovery. (*Id*. at 3-4.) Plaintiff reiterates his belief that as an incarcerated person, he is subject to "severe limitations," which is why he has not yet responded to the Denver Health Defendants' motion for summary judgment. (*Id*. at 5.) Plaintiff suggests it is Defendants who have delayed the proceedings, not himself. (*Id*. at 6.)

Plaintiff filed a second reply without leave of court. In light of the Court's obligations to construe a *pro se* plaintiff's filings liberally, the Court will consider the second reply in making this recommendation. Plaintiff states he discovered Defendant McCain's true name on March 9, 2011.

(Docket #143 at 3.) Plaintiff explains that he had to handcopy a new complaint, which is the reason for the delay in filing the motion at hand after his first motion for leave was denied without prejudice on April 5, 2011. (*Id*. at 4.) Plaintiff alleges that "four months of delays are attributable to these Defendants in this matter while only forty six days are attributable to the Plaintiff." (*Id*. at 8.) In essence, Plaintiff asserts that Defendants utilized dilatory discovery tactics which precluded Plaintiff from gathering the information he now seeks to present in his proposed second amended complaint. Plaintiff further contends that jail policies regarding photocopying and computer time also stunted his ability to submit his proposal any earlier. Plaintiff claims Rule 15(a) weighs in favor of accepting his proposed second amended complaint. (*Id*. at 15.)

**II. Analysis**

Rule 15 of the Federal Rules of Civil Procedure instructs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a) (2011). Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Denial of an amendment is also appropriate when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)); *see also Durham v. Xerox Corp.,* 18 F.3d 836, 840 (10th Cir. 1994) ("[t]he unexplained delay alone justifies the district court's discretionary decision."); *Federal Ins. Co. v. Gates Learjet Corp.,* 823 F.2d 383, 387 (10th Cir. 1987) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.") (citations omitted).

The facts giving rise to Plaintiff's claims began in April 2009 against the Denver Defendants and July 2009 against the Denver Health Defendants. (Docket #8 at 6.) Plaintiff asserts ten claims in his Amended Complaint: 1) conditions of imprisonment (namely, the risk and spread of tuberculosis) against Defendants Lovingier and City and County of Denver; 2) conditions of imprisonment regarding adequate diet and nutritional quality against Defendants Lovingier and City and County of Denver; 3) conditions of confinement "generally" against Defendant Lovingier; 4) retaliation against Defendants McCain, V. Connors and D/S Petronelli; 5) violation of the Eighth Amendment against Defendant D/S John Doe I; 6) violation of the Eighth Amendment due to inadequate dental care (July 2009) against Defendants Don Doe, Jack Doe, Renee Roe, Keina Roe, Janet Roe, Susan Roe, F. Bauer, John Doe III, Denver Health and Carmen K.; 7) violation of the Eighth Amendment against Defendant D/S Burke; 8) violation of the First Amendment regarding address of grievances against Defendants D/S Diggins and Lovingier; 9) violation of the Fourteenth Amendment arising from Plaintiff's placement in an isolation cell against Defendant Lovingier; 10) respondeat superior against Defendants Lovingier and D/S Diggins.

The Court gleans the following material proposed amendments from the proffered second amended complaint: a) addition of Defendant Denver Health to Claim One; b) correction of Defendants' names in Claim Four to Gina McCall, Vicki Connors, and Anthony Petranilli (this change is more administrative than material for the latter two defendants); c) addition of Defendant Lawrence Austin in his supervisory capacity over John Doe I in Claim Five; d) identification of Defendants Carmen Kassatly, Francis J. Bauer, Lonnie McMurtery, Don Berg, Jack Park, Susan Crawford, and Kina Mosley, and addition of Defendants Lovingier and the City and County of Denver in Claim Six; e) addition of Defendant Diggins to Claim Nine; and f) limitation of Claim Ten to only Defendant Lovingier. (*See* docket #114-1.) The Court perceives three main issues raised by Plaintiff's motion and addresses each in turn.

### *A. Service on Defendant Lovingier*

Service has not been completed as to Defendant Lovingier. On October 28, 2011, the U.S. Marshals Service entered a Process Receipt indicating that process was unexecuted as to Mr. Lovingier, because he had since retired from his position as sheriff and was no longer employed by the City and County of Denver. (Docket #28.) The address used by the Marshals was the same as that listed for Defendant Lovingier on Plaintiff's amended complaint. (Docket #8 at 2.) Plaintiff's proposed second amended complaint does not cure the deficiency, as the address listed is the same as that in the amended complaint and used by the Marshals. (Docket #114-1 at 2.) Although Plaintiff proceeds *in forma pauperis* and the Marshals are responsible for serving his complaint, Plaintiff still bears the burden of providing accurate contact information for any defendant he seeks to sue. *E.g., Tillotson v. McCoy,* No. 10-cv-00483-REB-BNB, 2010 WL 4810721, at *1 (D. Colo. Nov. 19, 2010) ("plaintiff is simply mistaken in his belief that it is anyone's responsibility other than his own to locate and provide a proper address for the defendant such that service can be accomplished." (citations omitted)). Any amendment regarding Defendant Lovingier does not change the status quo and is thus futile.

### *B. Material Similarity and Undue Delay*

Review of the governing and proposed complaints demonstrates to the Court that the substance of the claims is materially the same, even with the addition or subtraction of a defendant or a few facts here and there. The Denver Defendants are correct in pointing out that denial of leave to amend is proper when a plaintiff fails to allege that the second amended complaint would be materially different from the first. *Sandifer v. Green*, 57 F. App'x 857, 860 (10th Cir. 2003) (citing *Bauchman ex rel. Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir. 1997)). Moreover, as stated by the Denver Health Defendants, the procedural posture of this case, namely that dispositive motions have been filed, weighs in favor of denying Plaintiff's request. The Tenth

Circuit has determined that filing a motion for leave to amend within twenty days after a litigation event (for example, a *Martinez* report or dispositive motion) is permissibly prompt, *Ali v. Dinwiddie*, 291 F. App'x 164, 167 (10th Cir. 2008), whereas one year constitutes needless delay, *Dopp v. Loring*, 245 F. App'x 842, 850 (10th Cir. 2007).

This matter falls somewhere in the middle. Plaintiff expressed his intent to seek leave to amend in November 2010 and March 2011 before finally filing the present motion for leave compliant with the federal and local rules in June 2011. The Denver Health Defendants filed their first motion for summary judgment in April 2011. Delay of a few months is not grossly excessive, but coupled with the significant similarity between the two complaints, the Court believes justice would be better served by first adjudicating the dispositive motions to narrow the issues before permitting Plaintiff leave to file a second amended complaint.

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend. *See Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether a plaintiff has delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Delay is undue "when the party filing the motion has no adequate explanation for the delay." *Frank*, 3 F.3d at 1365-66. Thus, "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target,' to 'salvage a lost case by untimely suggestion of new theories of recovery,' to present 'theories seriatim' in an effort to avoid dismissal, or to 'knowingly delay [] raising [an] issue until the 'eve of trial.'" *Minter*, 451 F.3d at 1206 (citations omitted). Here, Plaintiff's status as an incarcerated person is more the norm in this type of case rather than a special circumstance for the Court to consider, and Plaintiff's arguments to this extent are not persuasive. The Court recognizes Plaintiff's arguments about handling discovery late in the discovery process, but due to the material

similarities between the two complaints, permitting the entry of the second amended complaint would simply make the complaint a moving target by forcing Defendants to re-file dispositive motions with only minor adjustments.

### *C. Previously Unidentified Defendants, the Statute of Limitations, and Futility*

The identification of certain Doe and Roe Defendants poses a statute of limitations conundrum. Plaintiff includes the identified Doe and Roe Defendants in his proposed Claim Six (as well as the Claim Six in the governing amended complaint), concerning the dental care he received beginning in July 2009, while incarcerated. (Docket #8 at 24-28; docket #114-1 at 13-16.) The Tenth Circuit "made clear that the statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). If the Court were to grant this motion, the entry of Plaintiff's second amended complaint would be within the statute of limitations. However, if the motion is denied now, and after the adjudication of the pending dispositive motions the District Court then gave permission to Plaintiff to amend, such amendment would be untimely.[2]

This issue gives the Court pause, because denial of leave to amend to include the names of the now-identified defendants would effectively bar Plaintiff's claims against those defendants, based on the Section 1983 statute of limitations. Futility, though, is a proper basis for the denial leave to amend, and review of the motions for summary judgment demonstrates to the Court that allowing the second amended complaint would not cure the legal deficiencies raised in the pending

[2]The substitution of named defendants for previously unknown defendants amounts to adding a new party. *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004). The relation-back mechanism of Rule 15(c)(1)(C) would not apply because, "as a matter of law, a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identify of the proper party.'" *Garrett*, 362 F.3d at 696; *see also Tapia-Ortiz v. Doe*, 171 F.3d 150, 151-52 (2d Cir. 1999) ("John Doe" pleadings cannot circumvent the statute of limitations, and relation-back does not apply in the case of an unknown, as opposed to mistaken, identity).

dispositive motions as to Claim Six.

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001). The dispositive motions are not before this Court for recommendation, but the Court will touch upon why it concludes amendment would be futile by briefly addressing the merits of Claim Six (applicable to the identified Doe and Roe defendants).

In essence, Plaintiff presents two legal theories supporting his Claim Six: supervisory liability and direct liability arising from Eighth Amendment deliberate indifference to a serious medical need. Supervisory liability, or *respondeat superior*, is quite limited in the Section 1983 context. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) (evaluating a *Bivens* suit, which is the federal equivalent of Section 1983). There must be an affirmative link between the alleged constitutional violation and the defendant's own participation or failure to supervise. *Serna v. Colorado Dept. of Corrections*, 455 F.3d 1146, 1151–52 (10th Cir. 2006). Conclusory allegations of responsibility simply by virtue of being an employer will not suffice. *See, e.g., L&M Enterprises, Inc. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000) ("Unsupported conclusory allegations . . . do not create a genuine issue of fact."). Plaintiff has not responded to the Denver Defendants' motion for summary judgment, thus the Court looks only at the governing and proposed complaints.[3] Plaintiff provides only conclusory statements of

---

[3]The Denver Health Defendants filed their motion for summary judgment on April 26, 2011. (Docket #102.) Under D.C. Colo. LCivR 56.1, a response to a motion for summary judgment shall be filed within 21 days after the date of service of the motion. 21 days after April 26, 2011 is May 17, 2011. The Denver Health Defendants filed a second motion for summary judgment on July 19, 2011, asserting that the facts presented in their first motion stand uncontested and admitted, as Plaintiff has failed to file a timely response to the first motion or to Defendants' requests for

supervisory liability and does not specify acts of personal participation on part of the defendants at issue. The Court thus believes any amendment on this point would be futile, and Defendants' motion for summary judgment should be adjudicated before the allowing the entry of a second amended complaint. In any event, as further explained below, the Court determines that Plaintiff's Eighth Amendment claim fails as a matter of law.

To establish a violation of the Eighth Amendment, Plaintiff must establish objectively that "the harm suffered is 'sufficiently serious' to implicate the Cruel and Unusual Punishment Clause" and subjectively that defendants "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Howze v. Wermers*, No. 11-cv-00077-PAB-MEH, 2011 WL 3159154, at *4 (D. Colo. June 21, 2011) (citations omitted). The Tenth Circuit conclusively determined that "medical malpractice is not compensable under § 1983 because inadvertent failure to provide adequate medical care or negligence in diagnosing or treating a medical condition does not violate the Eighth Amendment." *Braxton v. Wyandotte County Sheriff's Dep't*, 205 F. App'x 791, 793 (10th Cir. 2006). Additionally, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff must establish Defendants "deliberate[ly] refus[ed] to provide medical attention, as opposed to a particular course of treatment." *Fleming v. Uphoff*, No. 99–8035, 2000 WL 374295, at *2 (10th Cir. 2000) (unpublished) (quoting *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997)).

The Tenth Circuit held that "a prison doctor remains free to exercise his or her independent professional judgment and an inmate is not entitled to any particular course of treatment." *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (quoting *Snipes v. DeTella*, 95 F.3d 586, 591 (7th

---

admission. (*See* docket #139.)

Cir. 1996)). Decisions such as a preferred course of treatment are based on medical judgment and are outside of the Eighth Amendment's scope. *Estelle*, 429 U.S. at 107; *see also Florence v. Rios*, No. 07–cv–00380–REB–KLM, 2008 WL 538677 at *7 (D. Colo. Feb. 25, 2008) ("no constitutional claim is stated where a prisoner challenges only matters of medical judgment ..." (citing *Ledoux v. Davies*, 961 F.2d 1536 (10th Cir. 1992))). Disagreement with a course of treatment or a doctor's approach to a medical evaluation, even if negligent, does not constitute an Eighth Amendment violation. *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) ("A prison doctor's 'negligent diagnosis or treatment of a medical condition do[es] not constitute a medical wrong under the Eighth Amendment' . . .").

By his own allegations, Plaintiff received some form of medical attention nearly every day that he requested help. The evidence presented by Defendants demonstrates that the practitioners who evaluated Plaintiff prescribed medication and referred him to a dentist. The clinic notes for July 1, 2009, state he has been referred to "DDS - next available." (Docket #102-1 at 10.) Plaintiff was evaluated by a dentist, Defendant Bauer, four times before transfer to a different facility shortly after September 9, 2009. (Docket #102 at 5-6.) The Dental Assessment indicates that Plaintiff wanted to save his tooth, and the dentist prescribed medication and instructions for monitoring the status of the tooth. (Docket #102-1 at 20-23.) The supported facts presented by the Denver Health Defendants demonstrate to this Court that Plaintiff's Eighth Amendment claim fails as a matter of law, in that Plaintiff received care, if not precisely the care he now believes he requested. Therefore, the Court concludes that permitting amendment to include the names of the alleged wrongdoers in Claim Six would be futile, and Plaintiff's motion should be denied.

## III. Conclusion

For the reasons stated above and the entire record herein, the Court **RECOMMENDS** Plaintiff's Motion for Leave to File an Amended Complaint [filed June 17, 2011; docket #114] be

**DENIED** on the grounds of undue delay and futility. Furthermore, at this time, the Court does not find good cause to extend the presently scheduled deadlines.

Respectfully entered and dated at Denver, Colorado, this 10th day of August, 2011.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge